UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ECONO-MED PHARMACY, on behalf of itself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 1:16-cv-00789-TWP-MPB<br>) |
| ROCHE DIAGNOSTICS CORPORATION | )<br>)<br>) |
| Defendant. | )<br>) |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, DIRECTING NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

Plaintiff Econo-Med Pharmacy ("Plaintiff" or "Settlement Class Representative") and Defendant Roche Diagnostics Corporation ("Defendant" or "Roche"), by their respective counsel, have submitted a Class Action Settlement Agreement (the "Settlement Agreement") and have applied under Rule 23 of the Federal Rules of Civil Procedure for an order: (1) preliminarily approving the terms and conditions of the settlement (the "Settlement") as set forth in the Settlement Agreement, (2) provisionally certifying a Settlement Class and directing notice to be provided to the Settlement Class, (3) approving the form and method of notice to the Settlement Class, and (4) scheduling a hearing to consider final approval of the Settlement. The Court has given due consideration to the Settlement Agreement, including the exhibits to the Settlement Agreement, the submissions in support of preliminary approval of the Settlement, and the record of proceedings, and now

finds that the proposed Settlement should be preliminarily approved pending notice to Settlement Class Members and a final hearing on whether the Settlement is fair, reasonable and adequate to the Settlement Class.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement between Plaintiff and Defendant.

2. This Court has jurisdiction over the subject matter of this Lawsuit and jurisdiction over the Plaintiff and Defendant (collectively referred to as the "Parties") in the above-captioned case.

3. The Court finds that for the purposes of settlement and notice the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been met, specifically:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Settlement Class based upon the claims raised in the Complaint;

   c. The Plaintiff's claim is typical of the claims of the Settlement Class;

   d. The Plaintiff and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class;

   e. Questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members,

and a class action is superior to other available methods for fairly and efficiently adjudicating this Lawsuit.

The Court therefore provisionally **CERTIFIES** the following Settlement Class, for settlement purposes only:

> All pharmacies to which Roche transmitted one or more facsimiles concerning the availability or quality of its property, goods, or services from April 11, 2012 through the date of this order.

4. In the event the Settlement does not become effective or is terminated pursuant to the terms of the Settlement Agreement, such provisional certification shall be void, and Defendant shall have reserved its right to oppose any and all class certification motions.

5. The Court finds that the terms of the Settlement Agreement are within the range of a fair, reasonable, and adequate settlement between the Settlement Class and Defendant under the circumstances of this case. The Court therefore preliminarily approves the Settlement Agreement, which is incorporated by reference into this Order, and directs the Parties to perform and satisfy the terms and conditions of the Settlement Agreement that are triggered by such preliminary approval.

6. The proposed Notice in the forms attached to the Settlement Agreement as Exhibits "B" and "E", and the manner of distribution of such Notice by fax mail, direct mail, and settlement website, are hereby approved by this Court as the best notice practicable to the Settlement Class. The form and manner of

notice proposed in the Settlement Agreement comply with Rules 23(c) and (e) and the requirements of Due Process.

7. Pursuant to Rule 23(e), a final fairness hearing (the "Final Approval Hearing") shall be held before the undersigned at **11:00 a.m., on September 20, 2017,** at the United States Courthouse, Courtroom 344, 46 East Ohio Street, Indianapolis, Indiana, for the purpose of: (i) determining whether the Settlement is fair, reasonable, and adequate and should be finally approved; (ii) determining whether a Final Approval Order and Judgment should be entered; and (iii) considering Settlement Class Counsel's application for an award of attorneys' fees, and Plaintiff's application for a service award.

8. In accord with the Settlement Agreement, Settlement Class Counsel, through the Settlement Administrator designated in the Settlement Agreement, shall provide Notice, in the forms of Exhibits "B" and "E" to the Settlement Agreement, to members of the Settlement Class no later than thirty (30) days from the date of this Order (the "Notice Date"), to be disseminated as follows:

    a. <u>Fax Notice</u>. For those entities for which a facsimile number is available in the Settlement Class Member List, the Notice shall be disseminated via facsimile, using the facsimile numbers provided in the Settlement Class Member List. In the event the initial facsimile transmission is unsuccessful, another attempt to send the Notice via facsimile shall be made.

   b. <u>Mailed Notice</u>.  For those entities for which a facsimile number is not available in the Settlement Class Member List and/or Fax Notice was unsuccessful after two attempts, the Notice shall be disseminated via first class mail, postage prepaid, using the addresses provided on the Settlement Class Member List, as updated through the United States Postal Service's National Change of Address database.  If any mailed Notice is returned as undeliverable with a forwarding address, then the Notice is to be forwarded by mail to the listed forwarding address.  If any mailed Notice is returned as undeliverable without a forwarding address, then the Settlement Administrator must attempt to locate the correct address through a reasonable search and must forward the Notice to the address if one is obtained from the search.

   c. <u>Settlement Website</u>.  The Settlement Administrator shall post the Notice on the Settlement Website, www.rdcsettlement.com.  The Settlement Administrator shall maintain the Settlement Website through the Claims Period and until the Effective Date.

 9. Within 15 days of entry of the Preliminary Approval Order, an advance on Notice and Administration Costs shall be paid to the Settlement Administrator in an amount of $75,000.  This advance shall be deducted from the Settlement Fund and returnable to the Defendant, subject to the terms of the Settlement Agreement, if the Settlement is not approved or otherwise fails to become final for any reason.

10. Settlement Class Members shall be afforded an opportunity to request exclusion from the Settlement Class. A request for exclusion from the Settlement Class must: (i) contain a clear and unequivocal statement that the Settlement Class member wishes to request exclusion ("opt out") from the Settlement Class; (ii) contain the full name, current address, facsimile number, and telephone number of the Settlement Class Member requesting exclusion; (iii) include the style of the Lawsuit: "*Econo-Med Pharmacy v. Roche Diagnostics Corp.,* Case No. 1:16-cv-00789-TWP-MPB"; (iv) be signed by an individual authorized to act on the Settlement Class Member's behalf; and (v) be sent to the Settlement Administrator by U.S. mail with a postmark no later than 120 days after the date of this Order (the "Exclusion/Objection Deadline"). Settlement Class Members who submit a timely and valid request for exclusion from the Settlement Class shall not participate in and shall not be bound by the Settlement. Settlement Class Members who do not timely and validly opt out of the Settlement Class in accordance with the Settlement Agreement and Notice shall be bound by all determinations and judgments in this action concerning the Settlement.

11. Settlement Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Settlement. Any objection must: (i) contain the full name, current address, facsimile number, and telephone number of the Settlement Class Member objecting; (ii) include the style of the Lawsuit: "*Econo-Med Pharmacy v. Roche Diagnostics Corp.,* Case No. 1:16-cv-00789-TWP-MPB;" (iii) state the specific reasons for the Settlement Class Member's

objection; (iv) contain the name, address, bar number and telephone number of counsel for the objecting member of the Settlement Class, if represented by an attorney; (v) state whether the objecting member of the Settlement Class intends to appear at the Final Approval Hearing either in person or through counsel; (vi) be signed by an individual authorized to act on the Settlement Class Member's behalf; and (vii) be sent by U.S. mail, first class and postage prepaid, with a postmark no later than 120 days after the date of this Order (the "Exclusion/Objection Deadline") to the Clerk of the Court, Settlement Class Counsel, and Defendant's Counsel. If the Settlement Class Member or his or her Counsel wishes to speak at the Final Approval Hearing, he or she must also file with the Court and serve on Settlement Class Counsel and Defendant's Counsel a Notice of Intention to Appear, which must contain the following information: (i) a list of any and all witnesses whom the Settlement Class Member may call at the Final Approval Hearing, with the address of each witness and a summary of any proposed testimony; and (ii) a detailed description of any and all evidence the Settlement Class Member may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Settlement Class Member may introduce at the Final Approval Hearing.

12. Any member of the Settlement Class who does not make its objection known in the manner provided in the Settlement Agreement and Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement.

13. Settlement Class Counsel shall file any motion(s) for final approval of the Settlement and for an award of attorneys' fees and costs to be paid from the Settlement Fund, along with any supporting materials, no later than 45 days prior to the date of the Final Approval Hearing.

14. If the Settlement does not become final and effective for any reason, the Settlement Agreement shall be null and void *ab initio*, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Plaintiff and Defendant, and all Orders issued pursuant to the Settlement shall be vacated.

15. This Order shall not be used as evidence for any purpose, other than to enforce its terms, against the Defendant. The Order shall not be construed or used as an admission or evidence of the validity of any claim or allegation made against Defendant in this action or of any wrongdoing by or against Defendant, nor as a waiver by Defendant of any right to present evidence, arguments or defenses, including without limitation to the propriety of class certification, in any other litigation.

16. The Court may adjourn the date and/or time of the Final Approval Hearing without further notice to the members of the Settlement Class. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement and may consider and grant final approval of the Settlement, with or without minor modification and without further notice to the Settlement Class.

17. All discovery and pretrial proceedings in this action are stayed and suspended until further order of this Court.

**SO ORDERED.**

Date: 3/17/2017

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to all electronically
registered counsel of record via
CM/ECF